DANIEL RODRIGUEZ, ESQ., SBN 096625
JOEL T. ANDREESEN, ESQ., SBN 152254
MIGUEL FLORES, ESQ., SBN 240535
**RODRIGUEZ & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
2020 Eye Street
Bakersfield, CA  93301
Tel. No.: (661) 323-1400
Fax No.:     (661) 323-0132


Attorneys for Plaintiff
LM, by and through his Guardian ad Litem,
GRISELDA MARTIN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LM, a minor, by and through his Guardian ad Litem, GRISELDA MARTIN, | **Case No.:** |
| Plaintiff, | **COMPLAINT** |
| vs. | **DEMAND FOR TRIAL BY JURY** |
| KERN HIGH SCHOOL DISTRICT, and DOES 1 to 100, Inclusive, | |
| Defendants. | |

///
///
///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COMPLAINT

LM, a minor, by and through his Guardian ad Litem, GRISELDA MARTIN, alleges in his Complaint against Defendants KERN HIGH SCHOOL DISTRICT; and DOES 1 to 100 inclusive, herein after referred to as "Defendants," as follows:

## JURISDICTION AND VENUE

1.      LM, a minor, by and through his Guardian ad Litem, GRISELDA MARTIN, (Plaintiff), for compensation, as follows:

2.      Plaintiff LM is a minor and in order to preserve his privacy interests as well as his safety, he will be identified in this Complaint by only his initials, LM.  It is pointed out that Defendants are aware of and indeed know the full names and identities of minor Plaintiff LM.

3.      This Court has jurisdiction of Plaintiff's 1Federal Civil Rights claims under 42 U.S.C. § 1983, The Rehabilitation Act of 1973, 29 U.S.C. § 794, and Title II, Part A of the Americans with Disabilities Act Of 1990, 42 U.S.C. §§ 12131 to 12134, pursuant to 28 U.S.C. §§ 1331, 1343.  The Court has supplemental jurisdiction of Plaintiff's California state law claims pursuant to 28 U.S.C. § 1367(a).

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because: (i) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (ii) Defendants reside within this judicial district.

## PARTIES AND OTHER RELEVANT ACTORS

5.      Plaintiff was born on September 25, 1999.  GRISELDA MARTIN, Plaintiff's Guardian ad Litem ("GAL"), is Plaintiff's mother.

6.      At all relevant times herein: (i) Plaintiff attended Mira Monte High School; (ii) the school received both California State and federal financial assistance and funds; (iii) the school was a public entity and facility and part of and governed by Defendant KERN HIGH SCHOOL DISTRICT.

7.      At all relevant times herein, Plaintiff was disabled, suffered from a disability, was a person with a disability, and was a special needs student within the meaning of all relevant state and federal statutes and regulations.

8.      At all relevant times herein, Plaintiff:

(i)      suffered from Cerebral Palsy;

(ii)     was approximately about 5'6" tall and weighed about 120 lbs.;

(iii)    wore pampers and had to be changed regularly;

(iv)     had to be bathed;

(v)      had to be fed;

(vi)     could not walk unassisted, but instead used a "walker," much like a baby walker that had straps that went under his crotch to help him stand him up;

(vii)    could also "crawl" by sitting on his butt and pushing himself with his feet and hands;

(viii)   had a mental age of probably no more than five or six years of age;

(ix)   qualified for special education and as a special needs student under Multiple Disabilities with a secondary in Intellectual Disabilities.

9.   At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT was, a political subdivision of the State of California.

10.   At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT maintained, operated, and/or controlled non-defendant Mira Monte High School (sometimes, "the school").

11.   At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT and non-defendant Mira Monte High School:

(a)   Received federal financial assistance within the meaning of 29 U.S.C. § 794(a); and

(b)   Were public entities within the meaning of 42 U.S.C. § 12131(1).

12.   At all relevant times herein, Defendants DOES 1 to 100, inclusive, were, police officers, officers, agents, and/or employees of the Defendant KERN HIGH SCHOOL DISTRICT, and were acting within the course and scope of said employment and under color of law.

13.   Plaintiff is unaware of the true names and capacities of the Defendants sued herein ad DOES 1 through 100, inclusive, and therefore sue those Defendants by such fictitious names, Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.  Plaintiff is informed and believe and on that basis alleges

that each of the fictitiously named Defendants is liable in the manner set forth below for the acts, conduct, and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to Plaintiff as alleged herein.  Said fictitious, "Doe" Defendants are named pursuant to Federal Rule of Civil Procedure 15(c)(1); California Civil Procedure Code § 474; California Government Code § 950.4; <u>Butler v. National Community Renaissance of California</u>, 766 F.3d 1191, 1198 – 1201 (9th Cir. 2014); <u>Merritt v. County of Los Angeles</u>, 875 F.2d 765, 768 (9th Cir. 1989); <u>Cabrales v. County of Los Angeles</u>, 864 F.2d 1454, 1462–64 (9th Cir.1988), <u>vacated on other grounds</u>, 490 U.S. 1087, 109 S.Ct. 2425, 104 L.Ed.2d 982 (1989), <u>decision reinstated on remand</u>, 886 F.2d 235 (9th Cir.1989); and <u>Motley v. Parks</u>, 198 F.R.D. 532, 534-535 (C.D.Cal. 2000), <u>see also Olden v. Hatchell</u>, 154 Cal.App.3d 1032, 1037-1038, (1984) (applying Cal. Civ. Pro. Code § 474 to causes of action against public employee under California Tort Claims Act).

14.     Plaintiffs are informed and believe, and on that basis allege, that at all times and places mentioned herein, each Defendant was the agent, representative, and/or employee of each of the remaining Defendants and was acting within the course and scope of said agency, representation, and/or employment.

15.     In performing and engaging in the acts alleged herein, each Defendant was acting under color of law, to wit, under the statutes of the State of California and the ordinances, regulations, customs, and practices of Defendant KERN HIGH SCHOOL DISTRICT.

## **FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

16.    Defendants, and each of them, including Defendants DOES 1 through 100, inclusive, while working within the course and scope of their employment with Defendant KERN HIGH SCHOOL DISTRICT, intentionally, recklessly, deliberately indifferently, conscious-shockingly and/or negligently discriminated against Plaintiff on account of his disability and/or otherwise harmed Plaintiff during a continuous series of events, transactions, acts and omissions, including but not limited to:

(a)    Defendants, and each of them, including Defendants DOES 1 through 100, inclusive, while working within the course and scope of their employment with Defendant KERN HIGH SCHOOL DISTRICT, intentionally, recklessly, deliberately indifferently, or negligently failed to provide medically required food and nutrition to Plaintiff despite their duty to do so. (Plaintiff's diet required pureed food.) Plaintiff's first day attending school was on August 31, 2016, despite the fact Plaintiff's GAL had enrolled him on August 22, 2016. (The school caused the delay because they said Plaintiff had to make arrangements for their school bus to pick him up.)

On Plaintiff's first day of school his GAL received a phone call from the school. The call was from a person at school who was female. That female told Plaintiff's GAL that they were not going to feed Plaintiff because they did not have necessary paperwork from Plaintiff's doctor outlining Plaintiff's diet.

Plaintiff's GAL didn't understand why this was an issue because a school nurse had told her that all of the necessary medical paperwork had been received by the school.

Nonetheless, Plaintiff's GAL told that female that she would call doctor's office to request the paperwork.

Plaintiff's called the doctor's office and made the request. The doctor's personnel were irritated because they had already sent the paperwork to the school several times.

Plaintiff's GAL pleaded with the doctor's personnel to re-fax the paperwork because otherwise her son, Plaintiff, would not be fed.

Plaintiff's GAL called the school and spoke to Maria (Maria Machado or Maria Avila) and asked if they received the paperwork, and was told no.

Plaintiff's GAL called the doctor's office and asked again about the paperwork. She was told that they had already sent the paperwork and that the school had received the fax.

Plaintiff's GAL called the school again and spoke to the same Maria and was told that they had received the fax.

 Approximately three weeks later Plaintiff's GAL received a call from "Lily" at Plaintiff's school. Lily told Plaintiff's GAL that they needed paperwork from Plaintiff's doctor to feed Plaintiff, and that they had been taking food from another student and giving it to Plaintiff       .

Plaintiff's GAL called the doctor's office to yet again request the paperwork be faxed to the school.

Despite this Plaintiff was not fed his required special needs diet for at least an additional three weeks.

(b)       Defendants, and each of them, including Defendants DOES 1 through 100, inclusive, while working within the course and scope of their employment with Defendant KERN HIGH SCHOOL

DISTRICT, intentionally, recklessly, deliberately indifferently, or negligently failed to perform their duty to ensure that Plaintiff was transported home from school.

During November 2016, Plaintiff's GAL first learned from the school bus driver that the school would "forget" about Plaintiff and leave him at school. To the current knowledge of Plaintiff's GAL, this occurred at least five to six times.

Plaintiff's GAL called the school Transportation Department because Plaintiff had yet to be dropped off and it was late. Plaintiff had previously been dropped off at approximately 3:30 to 3:40 p.m. and it was 4:20 p.m.  Plaintiff's GAL was told that they were dropping off Plaintiff late because he had a new bus driver.  That statement was not true because the same bus driver eventually dropped off Plaintiff.

Plaintiff's GAL asked this bus driver who she believes had the first name of Evardado what had happened.  The bus driver told Plaintiff's GAL it was because the bus drivers were forgetting to pick up Plaintiff.

Plaintiff continued to be dropped off late until the issue was eventually resolved.

(c)     On or about January 10, 2017, Defendants, and each of them, including Defendants DOES 1 through 100, inclusive, while working within the course and scope of their employment with Defendant KERN HIGH SCHOOL DISTRICT, intentionally, recklessly, deliberately indifferently, or negligently caused Plaintiff's right leg to be broken, and for Plaintiff to suffer other physical mental and emotional injuries as set forth below.

On said date, Plaintiff was picked up by the school bus at his regular time of 7:30 a.m.  Plaintiff was in his wheelchair and was in good spirits.

At all relevant times herein, Plaintiff wore braces on both of his legs. The braces ran from below his knees to his toes and used Velcro straps.  (Plaintiff had worn these braces since he was about three years-old.)  The braces were light in weight.

At approximately 1:00 p.m., Plaintiff's GAL received a call from "Elizabeth," who was using her cell phone (661-557-3361), at the school.  Plaintiff's GAL believes Elizabeth is a teacher's aide. Elizabeth told Plaintiff's GAL that: (a) Plaintiff had been crying; (b) they had stood Plaintiff up; (c) they thought the braces were causing Plaintiff pain; (d) they took Plaintiff's braces off; (e) Plaintiff's legs were red; (f) from then on they were going to use Plaintiff's braces only when he was standing in the "walker" they had for him at school; and (g) they were sending Plaintiff home without braces.

Plaintiff's step-father (Abelardo Alfaro), the husband of Plaintiff's GAL, was home when Plaintiff arrived on the school bus. The school bus driver told Plaintiff's step-father that Plaintiff did not look good.  Plaintiff was obviously in pain.  When GAL looked at Plaintiff's leg, there was no redness.

Plaintiff's GAL and Plaintiff's step-father took Plaintiff to the Emergency Room at Bakersfield Memorial Hospital. Plaintiff was examined, x-rayed, and administered pain medication.  Plaintiff was then transferred by ambulance to Valley Children's Hospital in Madera, California, where he was hospitalized for two days. The doctors at Valley Children's Hospital were forced to operate on his

Plaintiff's leg. Plaintiff had suffered a fractured right femur which required an open reduction internal fixation.

Plaintiff was later examined at Omni Family Health in Bakersfield, California.

To date, Plaintiff has not returned to school. Whereas Plaintiff used to love going to school, Plaintiff now is fearful of returning to school. Plaintiff reacts with fear and says "no" when asked if he wants to go back to school.

17.    At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT and its employees, agents, supervisors, managers and/or representatives, DOES 51 to 100, inclusive, were negligent and careless with respect to the hiring, training, supervision, discipline and retention of Defendants DOES 1 through 50, inclusive.

18.    As an actual, legal and proximate result of the intentional, deliberately indifferent, reckless, negligent and other wrongful acts, conduct and omissions of Defendants, and each of them, including Defendants DOES 1 through 100, inclusive, while working within the course and scope of their employment with Defendant KERN HIGH SCHOOL DISTRICT:

a.    Plaintiff suffered personal injuries and emotional distress, including but not limited to severe physical, emotional and psychological injuries; and

b.    Plaintiff incurred, and continues to incur, hospital, medical and other expenses for care, treatment and rehabilitation

19.     As an actual, legal and proximate result of the intentional, reckless, negligent and otherwise wrongful conduct of Defendants, and each of them, Plaintiff has suffered, and continues to suffer, general and special damages, including but not limited to personal injury, emotional distress, pain, trauma, disfigurement, and past, continuing and increasing medical expenses.

20.     The individual Defendants, DOES 1 through 100, inclusive, have statutory liability under California law pursuant to California Government Code § 820(a).

21.     The entity Defendant, KERN HIGH SCHOOL DISTRICT, has statutory respondeat superior liability for the wrongful conduct of its agents and employees, DOES 1 through 100, inclusive, pursuant to California Government Code § 815.2(a).

22.     In addition, in performing and engaging in the intentional, reckless, deliberately indifferent, conscious shocking, negligent and other wrongful conduct alleged herein, Defendants, and each of them, failed to perform one or more mandatory duties, within the meaning of California Government Code § 815.6, including **but not limited to**:

a.     the mandatory duty under Rehabilitation Act of 1973, 29 U.S.C. § 794;

b.     the mandatory duty under Title II, Part A of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12131 to 12134;

c.     the mandatory duty under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States;

d.  the mandatory duty under the Unruh Civil Rights Act, California Civil Code §§ 51, 52(c) not to discriminate against a person, such as Plaintiff, with a disability;

e.  the mandatory duty under the Disabled Persons Act, California Civil Code, §§ 54, et seq., not to discriminate against a person, such as Plaintiff, with a disability;

f.  the mandatory duty under California Government Code § 11135 not to discriminate against a person, such as Plaintiff, on the basis of his mental disability or physical disability;

g.  the mandatory duty under California Education Code § 66270 not to discriminate against a person, such as Plaintiff, with a disability;

h.  the mandatory duty under the Equal Protection Clause of Article I, Section 7(a) of the Constitution of the State of California not to discriminate against a person, such as Plaintiff, with a disability, and to afford such persons equal protections of the laws; and

i.  the mandatory duty under Article IX, Section 5 of the Constitution of the State of California to provide Plaintiff with a free public education.

# FIRST CAUSE OF ACTION
## VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794
### [Against all Defendants.]

23.     Plaintiff realleges and incorporates herein paragraphs 1 through 22, inclusive, of the Complaint as though fully set forth herein

.

24.     This cause of action arises under the Rehabilitation Act of 1973, 29 U.S.C. § 794.

25.     At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT and non-defendant Mira Monte High School received federal financial assistance within the meaning of 29 U.S.C. § 794(a).

26.     At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT and non-defendant Mira Monte High School operated a program or activity within the meaning of 29 U.S.C. § 794(b) and received federal financial assistance.

27.     Plaintiff was disabled within the meaning of 29 U.S.C. § 794 in that his conditions described above were a physical and/or mental impairment that substantially limited or more of his major life activities, and/or he had a record of physical and/or mental impairment that substantially limited or more of his major life activities, and/or he was regarded as having a physical and/or mental impairment that substantially limited one or more of his major life activities.

28.     Plaintiff was "otherwise qualified" within the meaning of 29 U.S.C. § 794 because he could participate in the programs and activities alleged herein if Plaintiff was provided with reasonable accommodations as alleged herein

29.     In intentionally, recklessly, deliberately indifferently, conscious-shockingly and/or negligently engaging in and performing the events, transactions, acts and omissions alleged herein, Defendants failed to provide Plaintiff with the "reasonable accommodations" within the meaning of and required by the Rehabilitation Act of 1973, including but not limited to the reasonable accommodations of: (a) medically required food and nutrition; (b) transportation; and (c) properly selected, retained, and supervised teachers, supervisors and aids with respect to, for example and without limitation, the January 10, 2017 incident in which Plaintiff's leg was broken.

30.     For the reasons and based on the facts alleged above, Defendants effectively excluded Plaintiff from participation in, denied Plaintiff the benefits of, and/or subjected Plaintiff to discrimination under, a program or activity receiving federal financial assistance.

31.     Plaintiff's disability was the sole basis for the effective exclusion, denial of benefits, and/or discrimination.

32.     In acting as is alleged in this cause of action, Defendants acted knowingly, willfully, and maliciously, and with reckless and callous disregard for the federally protected rights of Plaintiff.  As a result, Plaintiff is entitled to recover punitive damages.

33.     Plaintiffs are entitled to recover reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION

## VIOLATION OF TITLE II, PART A OF THE AMERICANS WITH DISABILITIES ACT OF 1990, 42 U.S.C. §§ 12131 TO 12134

### [Against all Defendants.]

34.    Plaintiff realleges and incorporates herein paragraphs 1 through 22, and 24 through 33, inclusive, of the Complaint as though fully set forth herein.

35.    This cause of action arises under Title II, Part A of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12131 to 12134.

36.    At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT and non-defendant Mira Monte High School were public entities within the meaning of 42 U.S.C. § 12131(1).

37.    At all relevant times herein, the services provided to Plaintiff were "public services" within the meaning of 42 U.S.C. §§ 12131 et seq.

38.    In performing the wrongful acts and omissions alleged herein, Defendants acted with bad faith, gross misjudgment, and/or deliberate indifference, and as a result effectively excluded Plaintiff from the benefits of services of the public entity (i.e., Defendant KERN HIGH SCHOOL DISTRICT) in violation of 42 U.S.C. § 12132.

39.    In acting as is alleged in this cause of action, Defendants acted knowingly, willfully, and maliciously, and with reckless and callous disregard for the federally protected rights of Plaintiff.  As a result, Plaintiffs are entitled to recover punitive damages.

40.    Plaintiffs are entitled to recover reasonable attorney's fees pursuant to 42 U.S.C. §§ 1988, 12205.

**THIRD CAUSE OF ACTION**

**VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE CONSTITUION OF THE UNITED STATES PURSUANT TO 42 U.S.C. §§ 1983, 1988.**

41.    Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, and 35 through 40, inclusive, of the Complaint as though fully set forth herein.

42.    This cause of action is asserted under the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States pursuant to 42 U.S.C. § 1983, 1988.

43.    In intentionally, recklessly, deliberately indifferently, conscious-shockingly and/or negligently engaging in and performing the events, transactions, acts and omissions alleged herein, Defendants discriminated against Plaintiff based on Plantiff's mental disabilities and/or physical disabilities.

44.    At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT maintained or permitted an official policy, custom or practice, within the meaning of Monell v. New York City Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), of knowingly permitting, or was objectively deliberately indifferent, within the meaning of City of Canton, Ohio v. Harris, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) to, the occurrence of the type of wrongs that caused the

injuries and damages alleged herein, and that policy, custom or practice was carried out by Defendants Does 1 through 100, inclusive, in violating Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment as alleged. As an actual, legal and proximate result of such official policy, custom, practice of objective deliberate indifference, Plaintiff: (a) was deprived of the equal protection of the law as guaranteed by the Equal Protection Clause of the Fourteenth Amendment; and (b) suffered and incurred the injuries and damages alleged herein.

45.     Plaintiff is entitled to an aware of attorney's fees pursuant to 42 U.S.C. § 1988.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE §§ 51, 52, BASED, AT LEAST IN PART, ON VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, PURSUANT TO CALIFORNIA CIVIL CODE § 51(f)
**[Against All Defendants.]**

46.     Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, 35 through 40, and 42 through 45, inclusive, of the Complaint as though fully set forth herein.

42.     This cause of action arises under the Unruh Civil Rights Act, California Civil Code §§ 51, 52, based, at least in part, on violation of the Americans with Disabilities Act of 1990, pursuant to California Civil Code § 51(f).

43.     At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT was a business entity within the meaning of the Unruh Civil Rights Act, California Civil Code § 51.

44.     In performing the wrongful acts and omissions alleged herein, Defendants: (i) discriminated against Plaintiff on account of his disability; (ii) violated the Americans with Disabilities Act of 1990; and, thus (iii) pursuant to California Civil Code § 51(f), also violated the Unruh Civil Rights Act, California Civil Code §51.

45.     As a direct, actual, legal and proximate result of Defendants' actions, Plaintiff suffered and incurred the damages alleged herein.

46.     Defendants' violation of the rights of Plaintiff as guaranteed by California Civil Code § 51 entitles Plaintiffs to recover compensatory damages, attorney's fees, and injunctive relief, all of which are provided for in California Civil Civ. Code § 52.

47.     In doing the acts alleged in this complaint, Defendants acted with a willful and conscious disregard of the rights of Plaintiff as secured by California Civil Code § 51, thereby entitling Plaintiffs to recover treble damages, or a minimum of $4,000, pursuant to California Civil Code § 52(a).

48.     Plaintiffs are entitled to recover reasonable attorney's fees pursuant to California Civil Code § 52(a).

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE DISABLED PERSONS ACT, CALIFORNIA CIVIL CODE §§ 54, ET SEQ, BASED, AT LEAST IN PART, ON VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, PURSUANT TO CALIFORNIA CIVIL CODE § 54.1(d).

**[Against All Defendants.]**

49.     Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, 35 through 40, and 42 through 48,  inclusive, of the Complaint as though fully set forth herein.

50.     This cause of action arises under the Disabled Persons Act, California Civil Code, §§ 54, et seq.

51.     In performing the wrongful acts and omissions alleged herein, Defendants, within the meaning and satisfying the requirements of California Civil Code § 54.3: (i) effectively denied or interfered with the admittance of Plaintiff to or enjoyment of public facilities as specified in California Civil Code §§ 54 and 54.1; (ii) otherwise interfered with the rights of Plaintiff, an individual with a disability, under California Civil Code §§ 54, 54.1 and 54.2; and (iii) violated the Americans with Disabilities Act of 1990; and, thus (iv) pursuant to California Civil Code § 54.1(d), also violated the Disabled Persons Act, California Civil Code §§ 54, et seq.

52.     Plaintiffs is entitled to recover actual damages in and amount not less than $750, or three times the amount of actual damages sustained, as provided in California Civil Code § 54.3.

53.     Plaintiff is entitled to recover reasonable attorney's fees pursuant to California Civil Code § 54.3.

## SIXTH CAUSE OF ACTION
## VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135.
### [Against All Defendants.]

54.     Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, 35 through 40, 42 through 48, and 50 through 53, inclusive, of this Complaint as though fully set forth herein.

55.     This cause of action arises under California Government Code § 11135.

56.     At all relevant times herein, Defendant KERN HIGH SCHOOL DISTRICT and non-defendant Mira Monte High School were, within the meaning of California Government Code §11135, funded directly by the State of California, or received financial assistance from the State of California.

57.     In performing the wrongful acts and omissions alleged herein, Defendants on the basis of Plaintiff's mental and/or physical disabilities unlawfully discriminated against Plaintiff, and/or unlawfully denied Plaintiff of the full and equal access to the benefits of the programs and activities alleged herein in violation of California Government Code §11135.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF VIOLATION OF CALIFORNIA EDUCATION CODE § 66270.**

**[Against all Defendants.]**

58.     Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, 35 through 40, 42 through 48, 50 through 53, and 55 through 57, inclusive, of this Complaint as though fully set forth herein.

59.     This cause of action is asserted pursuant to California Education Code § 66270.

60.     . In performing the wrongful acts and omissions alleged herein, Defendants mental and/or physical disabilities unlawfully discriminated against Plaintiff in violation of California Education Code § 66270.  As an actual, legal and proximate result, Plaintiff suffered the injuries and damages alleged herein.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF THE EQUAL PROTECTION CLAUSE OF ARTICLE I, SECTION 7(A) OF THE CONSTITUTION OF THE STATE OF CALIFORNIA.**

**[Against all Defendants.]**

61.     Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, 35 through 40, 42 through 48, 50 through 53, 55 through 57, and 59 through 60, inclusive, of this Complaint as though fully set forth herein.

62.     This cause of action is asserted under the Equal Protection Clause of Article I, Section 7(a) of the Constitution of the State of California.

63.    In performing the wrongful acts and omissions alleged herein, Defendants unlawfully discriminated against Plaintiff on the basis of Plaintiff's mental and/or physical disabilities in violation of the Equal Protection Clause of Article I, Section 7(a) of the Constitution of the State of California.  As an actual, legal and proximate result, Plaintiff suffered the injuries and damages alleged herein.

## NINTH CAUSE OF ACTION
## VIOLATION OF VIOLATION OF PLAINTIFF'S RIGHT TO A FREE PUBLIC EDUCATION UNDER ARTICLE IX, SECTION 5 OF THE CONSTITUTION OF THE STATE OF CALIFORNIA.
**[Against all Defendants.]**

64.    Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, 35 through 40, 42 through 48, 50 through 53, 55 through 57, 59 through 60, and 62 through 63, inclusive, of this Complaint as though fully set forth herein.

65.    This cause of action is asserted under Article IX, Section 5 of the Constitution of the State of California.

66.    In performing the wrongful acts and omissions alleged herein, Defendants deprived Plaintiff of his right to a free public education in violation of Article IX, Section 5 of the Constitution of the State of California.  As an actual, legal and proximate result, Plaintiff suffered the injuries and damages alleged herein.

## TENTH CAUSE OF ACTION
## BREACH OF MANDATORY DUTY IN VIOLATION OF CALIFORNIA GOVERNMENT CODE § 815.6.
### [Against all Defendants.]

67.     Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, 35 through 40, 42 through 48, 50 through 53, 55 through 57, 59 through 60, 62 through 63, and 65 through 66, inclusive, of this Complaint as though fully set forth herein.

.

68.     This cause of action arises California Government Code § 815.6.

69.     In performing the wrongful acts and omissions alleged herein, Defendants failed to perform one or more mandatory duties, within the meaning of California Government Code § 815.6, including **but not limited to** the above-alleged duties under:

> a.     the mandatory duty under Rehabilitation Act of 1973, 29 U.S.C. § 794;

> b.     the mandatory duty under Title II, Part A of the Americans With Disabilities Act of 1990, 42 U.S.C. §§ 12131 to 12134;

> c.     the mandatory duty under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States;

> d.     the mandatory duty under the Unruh Civil Rights Act, California Civil Code §§ 51, 52(c), based at least in part, if not entirely, on violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12131 to

12134, pursuant to California Civil Code § 51(f), not to discriminate against a person, such as Plaintiff, with a disability;

e.    the mandatory duty under the Disabled Persons Act, California Civil Code, §§ 54, et seq., not to discriminate against a person, such as Plaintiff, with a disability;

f.    the mandatory duty under California Government Code § 11135 not to discriminate against a person, such as Plaintiff, on the basis of his mental disability or physical disability;

g.    the mandatory duty under California Education Code § 66270 not to discriminate against a person, such as Plaintiff, with a disability;

h.    the mandatory duty under the Equal Protection Clause of Article I, Section 7(a) of the Constitution of the State of California not to discriminate against a person, such as Plaintiff, with a disability, and to afford such persons equal protections of the laws; and

i.    the mandatory duty under Article IX, Section 5 of the Constitution of the State of California to provide Plaintiff with a free public education.

70.    Plaintiffs are entitled recover all damages alleged herein pursuant to California Government Code §815.6.

## ELEVENTH CAUSE OF ACTION
## NEGLIGENCE UNDER CALIFORNIA LAW.
### [Against all Defendants.]

71.     Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, 35 through 40, 42 through 48, 50 through 53, 55 through 57, 59 through 60, 62 through 63, 65 through 66, and 68 through 70, inclusive, of this Complaint as though fully set forth herein.

72.     Plaintiff realleges and incorporates herein paragraphs 1 through 22, 24 through 33, 35 through 40, 42 through 48, 50 through 53, 55 through 57, and 59 through 61, inclusive, of this Complaint as though fully set forth herein.

73.     Plaintiff asserts this Cause of Action for Negligence under California law.

74.     In engaging in the conduct alleged above, Defendants DOES 1 through 100, inclusive, while acting within the course and scope of their employment with KERN HIGH SCHOOL DISTRICT negligently caused the injuries and damages alleged herein. Specifically,

75.     As a direct and proximate result of the acts of Defendants, Plaintiff suffered and seek to recover general and special damages, including but not limited to the loss of liberty, and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

76.     Defendants DOES 1 through 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties,

attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

77.     Defendants KERN HIGH SCHOOL DISTRICT is legally responsible for, and have a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a) and the decision in <u>Los Angeles County Metropolitan Transp. Authority v. Superior Court</u>, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

## <u>ATTORNEYS' FEES AND COSTS</u>

1.     Pursuant to the provisions of 42 U.S.C. § 1988, 12205 and California Civil Code §§ 52(a), 52.1(h), 54.3, Plaintiffs are entitled to and demands an award of reasonable attorneys' fees and costs attendant to prosecuting this action in an amount to be determined according to proof at trial.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiffs seek damages as follows:

a.     Treble damages, or a minimum of $4,000, pursuant to California Civil Code § 52(a);

b.     Actual damages in and amount not less than $750, or three times the amount of actual damages sustained, as provided in California Civil Code § 54.3; and

c.     Reasonable attorney's fees pursuant to California Civil Code §§ 52(a), 54.3;

d.     General damages – In an amount to be proven at trial;

e.     Special damages – In an amount to be proven at trial;

f.     Punitive damages – Against the only the individual Defendants, in an amount to be proven at trial;

g.     An award of prejudgment interest;

h.     An award of post-judgment interest pursuant to 28 U.S.C. § 1961(a);

i.     Attorney's fees and costs of suit incurred herein; and

j.     For such other and further relief as the Court deems just and proper.

JURY TRIAL DEMANDED

DATED:  August 21, 2017                RODRIGUEZ & ASSOCIATES


By:_ J. Miguel Flores_____
     J. MIGUEL FLORES
     Attorneys for Plaintiff