UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LM, a minor, by and through his Guardian ad Litem, GRISELDA MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>KERN HIGH SCHOOL DISTRICT, and DOES 1 to 100, Inclusive,<br><br>Defendants. | No. 1:17-cv-01123-DAD-JLT<br><br>ORDER GRANTING STIPULATION TO WITHDRAW DEFENDANT'S MOTION TO DISMISS<br><br>ORDER GRANTING PETITIONER'S MOTION APPOINTING GUARDIAN AD LITEM<br><br>(Doc. Nos. 3, 7, 10) |

On October 9, 2017, the parties filed a stipulation withdrawing defendant's motion to dismiss and requiring plaintiff to file and serve an amended complaint by October 13, 2017. (Doc. No. 10.) Griselda Martin has also separately filed a motion to be appointed as guardian ad litem for plaintiff LM. (Doc. No. 3.)

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17 provides that "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). California law defines any individual under the age of 18 as a minor. Cal. Fam. Code. § 6502. Local Rule 202(a) of this court states, in pertinent part:

> Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor . . . the attorney representing the minor or incompetent person shall present . . . a motion for the appointment of a guardian ad litem by the Court, or . . . a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. *See* Fed. R. Civ. P. 17(c).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land*, 795 F.2d 796, 804 (9th Cir. 1986). In considering whether to appoint a guardian for a minor, the court shall consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1).

Ms. Martin moves the court for an order appointing her as guardian ad litem for her son, LM. (Doc. No. 3.) In a declaration signed under penalty of perjury, she states that LM is her natural born child and that she has legal custody over him. (*Id.* at 2.) Ms. Martin also declares she is fully competent and responsible to prosecute the action on her son's behalf. (*Id.*) Good cause appearing, the court will grant the motion (Doc. No. 3) and appoint Griselda Martin as the guardian ad litem of LM, a minor and plaintiff in this action.

For the reasons set forth above:

1. Griselda Martin's motion to be appointed guardian ad litem for plaintiff LM (Doc. No. 3) is granted;
2. In light of the parties' stipulation, defendant's motion to dismiss plaintiff's complaint (Doc. No. 7) is withdrawn and the previously noticed hearing of October 17, 2017, is vacated; and
3. In light of the parties' stipulation, plaintiff is directed to file and serve an amended complaint no later than October 13, 2017.

IT IS SO ORDERED.

Dated: **October 11, 2017**

_____
UNITED STATES DISTRICT JUDGE