DANIEL RODRIGUEZ, ESQ., SBN 096625
J. MIGUEL FLORES, ESQ., SBN 240535
**RODRIGUEZ & ASSOCIATES**
**A PROFESSIONAL LAW CORPORATION**
2020 Eye Street
Bakersfield, CA  93301
Tel. No.: (661) 323-1400
Fax No.:  (661) 323-0132

Attorneys for Plaintiff
LM, by and through his Guardian ad Litem,
GRISELDA MARTIN

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LM, a minor, by and through his Guardian ad Litem, GRISELDA MARTIN,<br><br>                              Plaintiff,<br><br>    vs.<br><br>KERN HIGH SCHOOL DISTRICT, and DOES 1 to 100, Inclusive,<br><br>                              Defendants. | **Case No.: 1:17-cv-01123-DAD-JLT**<br><br>**NOTICE OF MOTION AND PETITION TO APPROVE COMPROMISE AND SETTLEMENT**<br><br>Complaint Filed: August 21, 2017<br>Trial: May 21, 2019 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE THAT, GRISELDA MARTIN as Parent and Guardian Ad Litem for her minor child L.M, by and through his counsel of record, hereby move this Court for an Order granting the PETITION TO APPROVE COMPROMISE AND SETTLEMENT of all claims against Defendant KERN HIGH SCHOOL DISTRICT. This motion is based on the Memorandum of Points and Authorities submitted in support hereof, the Declaration of J. Miguel Flores, the Declaration of GRISELDA MARTIN, and all filed herewith.

Date: February 11, 2019                RODRIGUEZ & ASSOCIATES

                                          BY:   /s/  J. Miguel Flores
                                                   J. MIGUEL FLORES, ESQ.
                                                   Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Rule 17(c) of the Federal Rules of Civil Procedure, GRISELDA MARTIN, as Guardian Ad Litem for her minor child, L.M, brings this Motion for an Order approving the PETITION TO APPROVE COMPROMISE AND SETTLEMENT.

## II. COURT APPROVAL IS NECESSARY TO RESOLVE THIS CASE

Court approval is necessary to settle the claims of minors and incompetent people. See *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978).  In performing its duty, the court is required to "independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.  *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983).

The Ninth Circuit has explained that district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, *supra*, 638 F.3d 1177, 1181-1182 (9th Cir. 2011).

The Ninth Circuit also confirmed in the *Robidoux* decision that the approval of a minor's or incompetent person's settlement is supposed to be made "without regard to the proportion of the total settlement value designated/or ...plaintiffs counsel." *Robidoux, supra,* 638 F.3d 1177 at 1182.

## II. OVERVIEW AND SUMMARY OF INJURIES AND TREATMENT.

L.M. is currently 19 years and old suffers from severe Cerebral Palsy which makes him confined to a special wheelchair.  (Flores Decl., ¶ 1.)   L.M. is completely dependent on others for all his activities of daily living, including feeding, ambulating, toileting, dressing, and bathing. *Id.*   For example, L.M. cannot push his wheelchair on his own

and is dependent on others to move him around. *Id.* L.M. also has problems with incontinence that requires several daily diaper changes. *Id.* L.M.'s communication is very limited comprised of some pointing, grunting, and a few words. *Id.*

In 2016, the Kern High School District began to send a school bus with a hydraulic lift to pick-up L.M. at his home in Bakersfield to take him to Mira Monte High School where he was a student in special education. L.M.'s mother, Griselda, or step-father, would wheel him to the curb for the school bus to pick him up. The school bus driver, along with school bus assistants, would take custody of him by putting him on the hydraulic lift, and securing him on the school bus with straps. Once at school, the bus driver would unload L.M. and turn him over to a Special Education Assistant who would wheel him to his classroom where he would spend the whole day.

After school was dismissed at about 3:15 p.m., L.M. was wheeled to the school bus by a Special Education Assistant. The afternoon bus driver and bus assistants take him home. At home the bus driver and assistants drop him off at the curb to his home and his step dad or mom would wheel him inside.

On the morning of January 10, 2017, L.M. was picked by the school bus and taken to Mira Monte High School. L.M. was wheeled into the special education classroom to for his school day. In the afternoon, after school concluded, L.M. was placed on the school bus to be driven home.

The afternoon bus driver, Bernardo Vega, noticed that L.M. was not himself. On this day L.M. was unusually reserved and quiet. The school bus dropped L.M. off at his home. As L.M. was wheeled onto the lift, the driver told L.M. "alright I hope you feel better brother." The driver lowered L.M. on the hydraulic lift to the curb, where L.M.'s stepfather was waiting for him. The driver told L.M.'s stepfather that L.M. was not feeling well.

L.M. was wheeled inside the home. In the home, L.M. looked at his mom, Griselda. Griselda immediately noticed that he was not well. L.M. started to cry. She examined his lower legs to see if there was anything wrong, but when she tried to lift up

L.M.'s pants he yelled in pain.  Griselda took L.M. to his bed room where they lowered his pants to examine him.  They immediately noticed that he had a bulge protruding on his right leg.

Without thinking twice, L.M.'s parents took him to Memorial Hospital where he was diagnosed with a right femur fracture.  Because Memorial did not have the equipment for an operation that was needed, Memorial referred L.M. to Madera Children's Hospital where the surgery is performed on January 11, 2017.

Plaintiff L.M., through his GAL, Griselda Martin, had alleged through this action that the Kern High School District was responsible for L.M.'s broken femur on January 10, 2017.  Plaintiff also alleged other mistreatment by the Kern High School District consisting of not being given his special pureed diet at the beginning of the semester and not being taken home on time.

L.M. received medical treatment for his broken femur and has healed with no complications.  It is anticipated that no further medical treatment will be required.  (See also Declaration of GRISELDA MARTIN in Support of Motion for Approval of Minor's Compromise (Martin Decl. ¶ 7.)   L.M. has no continuing severe pain or discomfort from his injury.  Doctors have indicated that there is no known need for future medical care to L.M. arising from the incident.   (Flores Decl. ¶ 4; Martin Decl., ¶ 7.)

At the time of the incident involving the femur fracture, L.M. was seventeen years old.

## II.  THE SETTLEMENT.

On November 13, 2018, Plaintiff L.M. and his GAL, attended a mediation along with the K.H.S.D. with Oliver Robinson in Bakersfield.  (Flores Decl., ¶ 4.)  At the end of the mediation, Mr. Robison offered a Mediator's Proposal to the parties of **$50,000.00** to resolve the claims.  The parties accepted the Mediator's Proposal on or about November 16, 2018, pending Court approval.

Given the nature of L.M.'s injury which has resolved, the successful medical treatment received, the fact that further medical treatment is not anticipated, and the time and expense associated with litigating the claim, the undersigned and Plaintiff believe that the proposed settlement is fair, reasonable and in L.M.'s best interests. (Flores Decl., ¶ 4; Martin Decl. ¶ 7.)

Griselda Martin, as the GAL for L.M., fully understands that this settlement is a full and final settlement of all claims that his daughter may have, now or arising in the future, against K.H.S.D arising out of the incident. Plaintiff understands that even if L.M. physical conditions should change in the future, neither she, nor her son, L.M. can return to Court and seek more money from K.H.S.D for the claims arising from the incident. (Martin Decl. ¶ 10.)

### III.   ATTORNEY'S FEES, COSTS AND LIENS.

Rodriguez & Associates (R&A) was retained by Griselda Martin to represent L.M. regarding his claims related to the K.H.S.C., including his claims regarding the femur fracture on January 10, 2017.

Per the retainer agreement, R&A is entitled to twenty-five (25%) of the recovery obtained. (Flores Decl., ¶8.)  R&A has reduced their fee in this case to 16.5% which amounts to **$8,250.00**. *Id.* Additionally, per the retainer agreement, costs were to be advanced by Rodriguez & Associates and be reimbursed from the settlement obtained, after deduction for fees. *Id.* The **total costs expended by Rodriguez & Associates** and to be reimbursed from the settlement proceeds are **$20,811.49.** *Id.* These costs included the taking of 16 depositions in order to obtain information on the facts and circumstances of L.M.'s claims. (Flores Decl., ¶¶ 2,8.)

In addition, Plaintiff had an outstanding **Medi-Cal Lien of $5,851.75**. (Flores Decl.,¶ 8.)

Accordingly, th**e balance of proceeds of the settlement** which will be **available to L.M.** after payment of all fees, expenses, and liens paid, **will be a total $15,086.76**. (Flores Dec. ¶ 8.)

Regarding attorney's fees, as discussed above, the *Robidoux* standard applies here because this case is dealing with the settlement of a minor child's federal claims, as opposed to when a federal court is sitting in diversity and approving the settlement of a minor's purely state law claims. Further, because the *Robidoux* standard applies, the Court need not be controlled by state law. Accordingly, the Court is not constrained to the "benchmark" twenty-five percent contingency fee rate which district courts typically apply to cases involving minors' state law claims. (See *Mitchell v. Riverstone Residential Group*, 2013 WL 1680641 (E.D. Cal, April 17, 2013).

Following the instruction in *Robidoux,* the Court should "limit the scope of their review to question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claims, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel - whose interests the district court has no special duty to safeguard." (*Robidoux* supra, 638 F.3d at 1181-82). In *Robidoux,* the court found that the district court had erred in rejecting the minor's settlement on the basis that the provision of 56% of the total settlement value for attorney's fees was excessive and unreasonable. *Id.* at 1182.

Conversely, here R&A has reduced its contingency fee to only 16.5% which is below what is customary for these types of matters. (Flores Dec. ¶8.) Moreover, L.M.'s net recovery is fair and reasonable in light of the injury he sustained which has healed and requires no known further treatment.

Additionally, the novelty and difficulty of the legal questions involved and the skill required to properly investigate and negotiate a settlement supports the contingency fee requested. Because of the nature of the incident, Plaintiff's counsel has extensive

experience representing clients in personal injury matters and used this level of sophistication and experience to negotiate a favorable result for L.M. (Flores Decl., ¶ 6.) Indeed, significant time was spent investigating the incident itself.  In all, Plaintiff's counsel has worked on this matter for over a year to achieve this settlement for L.M. (Flores Dec. ¶¶ 2, 6-8.)

Moreover, Plaintiff's counsel's experience, reputation, and ability merit the contingency fee requested.  Mr. Flores has approximately 10 years of litigation experience.  (Flores Decl., ¶ 6.)

## IV.   SETTLEMENT DISTRIBUTION.

After deduction of attorney's fees and costs, discussed above, the total remaining balance of the settlement funds will be deposited into a custodial account established for the benefit of L.M. and administered by his mother, Martin.

Griselda Martin understands that she is not entitled to any portion of her son's settlement funds and that such funds belong to her son, L.M. (Martin Decl. ¶ 11.) Plaintiff understands, acknowledges and agrees that these funds may not be withdrawn before L.M. reaches the age of majority, 18 years old, unless there is an overwhelming compelling reason for his sole benefit, such as medical or educational needs.   (Martin Decl. ¶ 11.)  L.M. is now nineteen years old and would benefit from obtaining the settlement proceeds now to provide care related to his disability.  (Martin Decl. ¶ 12.)

California Probate Code section 3611(d), however, provides that if a minor's settlement is $20,000 or less, all or any part of it may be held on any such conditions as the court determines to be the minor's best interest.  Given the disbursement amount of this settlement is below $20,000, it does not make practical sense, nor would it be in the best interest of L.M. to order the settlement funds be placed in a blocked account in this situation because of both the small amount of funds and the fact that L.M. has immediate need for the funds for his every day care given his disability.

## V. REQUEST MOTION BE GRANTED WITHOUT A HEARING

Finally, given the sum of money involved of less than $20,0000, Plaintiff respectfully requests that this Motion be granted without a hearing. Griselda Martin, as the GAL, has submitted a declaration, filed concurrently herewith, to demonstrate her full and complete participation in, understanding of, and unconditional consent to proceeding with the settlement, including payment of fees and costs as proposed herein. (Martin Decl. ¶¶ 1-12.)

Therefore, Plaintiff L.M., through his GAL, respectfully requests that the Court grant this Motion, on the papers, and without a hearing. (Martin Decl., ¶ 12.) Plaintiff L.M. has recently had health problems, unrelated to those of this action, which required to him to be in the hospital for one week and doctors to insert a feeding tube in his stomach. *Id.* As result, Plaintiff L.M. requires care at his home given by his parent Griselda Martin. *Id*. Plaintiff, through his GAL, respectfully requests that, if the Court has inquiries, to please advise and Plaintiff's counsel will supplement information as the Court finds necessary. Alternatively, should the Court decide that a hearing is necessary, Plaintiff and will attend.

## VI. CONCLUSION.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court approve the proposed settlement and the distribution of settlement funds as described herein.

Date: February 11, 2019          RODRIGUEZ & ASSOCIATES

                                           BY:   /s/  J. Miguel Flores
                                                     J. MIGUEL FLORES, ESQ.
                                                     Attorney for Plaintiff