UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M., a minor, by and through his guardian ad litem, GRISELDA MARTIN,<br><br>Plaintiffs,<br><br>v.<br><br>KERN HIGH SCHOOL DISTRICT and DOES 1–100,<br><br>Defendants. | No. 1:17-cv-01123-DAD-JLT<br><br>ORDER GRANTING PETITION FOR MINOR'S COMPROMISE<br><br>(Doc. No. 36) |

On February 11, 2019, plaintiff L.M., by and through his guardian *ad litem* Griselda Martin, filed a petition for approval of a compromise of his claims against defendant Kern High School District (the "District"). (Doc. No. 36.) The District has not opposed the petition. A hearing on the petition was held on March 7, 2019. For the reasons set forth below, the court will grant the petition.

**BACKGROUND**

L.M. suffers from severe cerebral palsy. (*Id.* at 3.) As a result, L.M. is confined to a special wheelchair and "is completely dependent on others for all of his activities of daily living, including feeding, ambulating, toileting, dressing, and bathing." (*Id.* at 3.) At the time of the incident giving rise to this action, L.M. was a special education student at Mira Monte High School, a high school within the District. (*Id.* at 4–5.)

1

Plaintiff alleges that, on January 10, 2017, while in the custody of the District, L.M. suffered an injury. (*Id.* at 4–5.) On that date, L.M. was picked up—as he usually was—at the curb in front his home by a school bus with a hydraulic lift provided by the District. (*Id.* at 4.) At school, L.M. was wheeled into a special education classroom and, after the school day was complete, he was placed on a school bus to be driven home. (*Id.*) The afternoon bus driver noticed that L.M. "was not himself" and was "unusually reserved and quiet." (*Id.*) Upon dropping L.M. off in front of his home where his stepfather was waiting for him, the bus driver told the stepfather that L.M. was not feeling well. (*Id.*) After L.M. was wheeled inside his home, his mother, Griselda Martin, immediately noticed L.M. was not well. (*Id.*) L.M looked at his mother and began to cry. (*Id.*) Ms. Martin started to examine L.M.'s lower legs but, when she tried to lift L.M.'s pants, he yelled in pain. (*Id.*) Ms. Martin and her husband noticed that L.M. had a bulge protruding on his right leg. (*Id.* at 4–5.) L.M. was rushed to the hospital where he was diagnosed with a right femur fracture. On January 11, 2017, L.M. underwent an ultimately successful surgical procedure to treat the femur fracture. (*Id.* at 5.)

On August 21, 2017, L.M., by and through his guardian *ad litem*, Ms. Martin, filed this action, alleging that the District was responsible for L.M.'s femur breaking on January 10, 2017. (Doc. Nos. 1; 36 at 5.) L.M. also alleged "other mistreatment by the [] District consisting of not being given his special pureed diet at the beginning of the semester and not being taken home on time." (Doc. No. 36 at 5.) On November 13, 2018, the parties attended a mediation, where the parties agreed to settle this action based upon the mediator's proposal of $50,000.00 to resolve the litigation. (*Id.*) The parties are now seeking this court's approval of that proposal. (*Id.*)

Under the terms of the parties' agreement, the District will pay plaintiff a total of $50,000. (*Id.*; Doc. No. 38 at 2.) Of that amount, $8,250 will be awarded to plaintiff's counsel of record as attorneys' fees, with costs totaling an additional $20,811.49. (Doc. No. 36 at 6.) As a result of the January 11, 2017 surgical procedure to treat his fractured femur, plaintiff also has an outstanding Medi-Cal lien of $5,851.75 that will be discharged by payment through the settlement funds. (*Id.*) This leaves a total recovery to L.M. of $15,086.76, which will be deposited into a custodial account established for his benefit and administered by his mother. (*Id.* at 6, 8.)

**LEGAL STANDARD**

This court has a duty to protect the interests of minors participating in litigation before it. *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). To carry out this duty, the court must "conduct its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron*, 724 F.2d at 1363 ("[A] court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.") (citation omitted).

In examining the fairness of a settlement of a minor's federal claims, the Ninth Circuit has held that a district court's inquiry should focus solely on "whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." *Robidoux*, 638 F.3d at 1181–82; *see also id.* at 1179 n.2 (limiting the court's holding to cases involving federal claims only). Where a settlement involves state law claims, federal courts generally are guided by state law. *See* Tashima & Wagstaffe, California Practice Guide: Federal Civil Procedure Before Trial ¶ 15:138 (Cal. & 9th Cir. Eds. 2015) ("Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement."). A settlement for a minor and attorney's fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601. Finally, the Local Rules of this court require the parties to make disclosures regarding the minors involved, the nature of the controversy, the manner in which the compromise was determined, and whether a conflict of interest may exist between the minor and the minor's attorney. *See* Local Rules 202(b)–(c).

**DISCUSSION**

In petitions for a minor's compromise, courts typically consider such information as the relative worth of the settlement amount, the circumstances of the settlement, counsel's

explanation of their views and experiences in litigating these types of actions, and other, similar compromises that have been approved by courts. *See, e.g.*, *Bravo v. United States*, No. 1:14-cv-01004-AWI-JLT, 2016 WL 3418450, at *2–3 (E.D. Cal. June 22, 2016) (considering the posture of the case and the fact that the settlement occurred at a court-supervised settlement conference); *Hagan v. Cal. Forensic Med. Grp.*, No. 2:07-cv-01095-LKK-AC, 2013 WL 461501, at *1 (E.D. Cal. Feb. 5, 2013) (considering court-approved minor's settlements in other cases). Having considered the unopposed petition, the undersigned concludes that the settlement agreement is reasonable and in L.M.'s best interests.

The proposed settlement agreement in this case provides that L.M. will receive $15,086.76 of the overall $50,000.00 settlement offer. The petition avers that this amount is reasonable "[g]iven the nature of L.M.'s injury which has resolved, the successful medical treatment received, the fact that further medical treatment is not anticipated, and the time and expense associated with litigating the claim." (Doc. No. 36 at 6); (*see also* Doc. No. 36-2 at 3) (Ms. Martin "believes the proposed settlement is fair, reasonable and in L.M.'s best interests.") The court notes that $5,851.75 of the overall $50,000.00 settlement offer will satisfy a Medi-Cal lien that was imposed as a result of L.W.'s surgery to treat the injury. In effect then, the settlement agreement provides L.M. with an individualized recovery and it also covers the medical expenses L.M. incurred as a result of the alleged incident. The court has also examined cases with similar factual allegations and finds that the recovery to L.M. in this case is commensurate with minors' compromises that have been approved in similar cases. *See, e.g.*, *Botello v. Morgan Hill Unified Sch. Dist.*, No. C09-02121 HRL, 2011 WL 5313965, at *1 (N.D. Cal. June 6, 2011) (approving a recovery of $5,080.79 to a minor plaintiff exclusive of attorneys' fees and costs for claims alleging that the school district failed to address and prevent harassment which resulted in the minor's skull being fractured); *M.D. v. Rosedale Union Sch. Dist.*, No. 1:08-cv-01873-AWI-GSA, 2009 WL 1357440, at *2 (E.D. Cal. May 13, 2009) (recommending approval of a recovery of $9,999.00 to a minor on claims that the school district failed to prevent harassment which resulted in physical injuries to the minor), *report and recommendation adopted,* No. 1:08-cv-01873-AWI-GSA, 2009 WL 1531014 (E.D. Cal. May 28, 2009).

Moreover, the court finds that the amount deducted from the total recovery for attorneys' fees is reasonable here. The instant petition seeks an order awarding attorneys' fees amounting to 16.5% of the total recovery. (Doc. No. 36 at 6.) In the Eastern District of California, 25% of the recovery is a reasonable benchmark for attorneys' fees in contingency cases involving minors. *See, e.g.*, *Mitchell v. Riverstone Residential Grp.*, No. 2:11-cv-02202-LKK-CKD, 2013 WL 1680641, at *2 (E.D. Cal. Apr. 17, 2013); *McCue v. South Fork Union Sch. Dist.*, NO. 1:10-cv-00233-LJO-MJS, 2012 WL 2995666, at *2 (E.D. Cal. Jul. 23, 2012); *Welch v. Cty. of Sacramento*, No. 2:07-cv-00794-GEB-EFB, 2008 WL 3285412, at *1 (E.D. Cal. Aug. 5, 2008); *Red v. Merced Cty.*, No. 1:06-cv-01003-GSA, 2008 WL 1849796, at *2 (E.D. Cal. Apr. 23, 2008); *Schwall v. Meadow Wood Apartments*, No. 2:07-cv-00014-LKK, 2008 WL 552432, at *1, (E.D. Cal. Feb. 27, 2008); *Walden v. Moffett*, No. 1:04-cv-06680-LJO-DLB, 2007 WL 2859790, at *3 (E.D. Cal. Sept. 20, 2007). The court, therefore, finds an award of 16.5% of the total recovery, or $8,250.00, as attorneys' fees in this case is clearly reasonable.

Finally, the court finds that an award of $20,811.49 to cover plaintiff's counsel's costs in litigating this matter is also reasonable. As confirmed by plaintiff's counsel's supplemental declaration, these costs include costs associated with the taking of sixteen depositions in this action (including court reporter and videographer fees as well as transcript costs), mediation costs, filing fees, costs associated with service of process, witness fees, costs associated with the obtaining of copies of medical records and other reasonable costs.[1] (*See* Doc. No. 42.)

/////

/////

---

[1] The court notes that a not insignificant portion of the costs expended on plaintiff's behalf—$4,110.00—are attributed by plaintiff's counsel to "outside attorney [legal] research and writing." (*See* Doc. No. 42 at 2, 4–5.) Such fees associated with work done by outside attorneys would not appear to properly qualify as costs but rather would seem correctly characterized as attorneys' fees. However, their characterization as costs in the pending petition does not affect the court's decision to approve that petition because adding that $4,110.00 for outside attorney legal research and writing to the already approved $8,250.00 award for attorneys' fees would result in a total of $12,360.00 in attorneys' fees, which is 24.72% of the total recovery and still below the Eastern District's 25% benchmark for attorneys' fees in contingency cases involving minors. The court will therefore grant approval of the compromise of plaintiff's claims on this basis.

5

**CONCLUSION**

For the reasons set forth above:

1. Plaintiff's petition to approve minor's compromise (Doc. No. 36) is granted;
2. Pursuant to the parties' settlement agreement (Doc. No. 38), defendant shall pay $50,000 to plaintiff to resolve all claims resulting from the January 10, 2017 incident;
3. Pursuant to plaintiff's petition to approve minor's compromise:
   a. $8,250.00 of the $50,000.00 will be paid to plaintiff's counsel as attorneys' fees;
   b. $20,811.49 of the $50,000.00 will be paid to plaintiff's counsel's costs and expenses incurred in litigating this action;
   c. $5,851.75 of the $50,000.00 will go toward resolving plaintiff's outstanding Medi-Cal lien; and
   d. The balance of the proceeds of the settlement, or $15,086.76, will be deposited into a custodial account established for the benefit of L.M. and administered by his mother, Griselda Martin.
4. The parties are directed to file a request for dismissal of this action within seven (7) days of the date of this order.

IT IS SO ORDERED.

Dated: **March 7, 2019**

UNITED STATES DISTRICT JUDGE